**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

|  |  |
|---|---|
| BRANDON LEE, | |
| Plaintiff, | CIVIL ACTION NO.: 4:26-cv-182 |
| v. | |
| COMCHART COMMERCIAL INC.; and AMC 2 LLC, | |
| Defendants. | |

### O R D E R

Defendants Comchart Commercial Inc. and AMC 2 LLC removed this case from the State Court of Chatham County, Georgia, purportedly on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1.)  This Court has an independent obligation to assure itself of its jurisdiction.  See, e.g., MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1357 (11th Cir. 2016) ("Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case. . . .").  For the reasons set forth below, there is no evidence that the amount in controversy here exceeds $75,000 and the case therefore must be remanded.

On or about May 28, 2026, Plaintiff Brandon Lee filed his initial complaint initiating this action against Defendants in the State Court of Chatham County, Georgia.  (Doc. 1-2, pp. 4–10.) Plaintiff alleged that, on or about July 5, 2024, he was working as a longshoreman, lashing containers on a vessel in the Garden City Terminal of the Georgia Ports Authority, when "a defective lashing rod detached from the corner post of a container and popped out, striking [him]

on the back of his head and neck as he was walking away." (Id. at pp. 6–7.) He claims that Defendants were negligent and are therefore liable for his injuries. (Id. at pp. 7–8.) Under the heading "Injuries and Damages," he asserts, very generally, that he seeks to recover "medical expenses, past, present, and future; lost wages, past, present, and future; pain and suffering, both physical and emotional, past, present, and future; and permanent impairment." (Id. at p. 9.) He gives no specific amounts for any of these categories of damages and he does not pray for any specific amount (or minimum amount) of damages at the end of the Complaint. (See generally id.)

Defendants removed the case to this Court on July 10, 2026, purportedly based on diversity jurisdiction. (Doc. 1.) As to citizenship, Defendants explained that Plaintiff is "a citizen of the State of South Carolina," which is not inconsistent with Plaintiff's own allegation in his Complaint.[1] (Id. at p. 2.) As to Defendant Comchart Commercial, Inc., the Notice of Removal asserts that it "is not incorporated in the State of Georgia but is instead organized under the laws of the Marshall Islands and has its principal office and principal place of business in Greece." (Id.) As to Defendant AMC 2 LLC, the Notice of Removal asserts the same: that it "is not incorporated in the State of Georgia but is instead organized under the laws of the nation of the Marshall Islands and has its principal office and principal place of business in Greece." (Id.) As for the amount in controversy, Defendants acknowledge that the Complaint "fails to set forth a specific damage amount sought," but they state that "the types and descriptions of Plaintiff's injuries lead to the

---

[1] In the Complaint, Plaintiff alleges that he is a "resident" of South Carolina. (Doc. 1-2, p. 4.)

plausible conclusion that the 'amount in controversy' in the case exceeds the jurisdictional limit of $75,000.00." (Id. at p. 3.)

As there appears to be no basis for federal question jurisdiction and Defendants explicitly removed the case on diversity jurisdiction grounds, in order for this Court to have jurisdiction over the case, there must be complete diversity of citizenship between the parties and the total amount in controversy must be over $75,000, exclusive of interest and costs.  28 U.S.C. § 1441.  The removing defendants bear the burden of proving the existence of federal jurisdiction.  Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996).

First, Defendants have failed to demonstrate that diversity of citizenship exists because they have failed to make an adequate showing regarding AMC 2 LLC's citizenship.  Defendants state only that AMC 2 LLC is not "incorporated" in Georgia and that it is "organized under the laws of the nation of the Marshall Islands and has its principal office and principal place of business in Greece."  (Doc. 1, p. 2.)  AMC 2 LLC, however, is apparently (based on its name) a limited liability company, and the Eleventh Circuit Court of Appeals has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  To properly allege AMC 2 LLC's citizenship, therefore, Defendants must "list the citizenships of all the members of the limited liability company."  Id.; see also Shtark Inv. Grp., LLC v. Neviot Nature of Galilee Ltd., No. 6:12-cv-1365, 2013 WL 12388578, at *1 (M.D. Fla. Feb. 19, 2013) (applying this requirement to a limited liability company allegedly organized under the laws of a foreign country).  "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as

3

necessary to unravel fully the citizenship of the entity before the court." Purchasing Power, LLC v. Bluestem Brands, Inc., 2015 WL 73980, at *5 (N.D. Ga. Jan. 6, 2015) (quotation omitted). Accordingly, Defendants have not shown that diversity of citizenship exists.

Ordinarily, the Court would provide a removing defendant an opportunity to make the proper citizenship showing by supplementing its citizenship-related allegations through the filing of an amended notice of removal. Here, however, the Notice of Removal contains a second flaw which cannot be "fixed" through supplementation; the amount in controversy threshold is clearly not satisfied.

As Defendants concede, Plaintiff's Complaint "fails to set forth a specific damages amount sought." (Doc. 1, p. 3.) Where, as here, "jurisdiction is based on a claim for indeterminate damages, . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotes omitted); accord 28 U.S.C. § 1446(c)(2)(B). A defendant may demonstrate that the amount in controversy is facially apparent from the complaint itself, or it may offer evidence beyond the pleading to meet its burden. Roe, 613 F.3d at 1061. A court may review the allegations of the complaint through the filter of "judicial experience and common sense," id. at 1062, but it "cannot speculate or hypothesize about facts that are not in the record," Fox v. Ritz-Carlton Hotel Co., 977 F.3d 1039, 1048 (11th Cir. 2020).

Here, neither the Complaint, nor the Notice of Removal, nor any other evidence submitted to the Court, offers *any* details about Plaintiff's injury, other than that Plaintiff was struck on the back of the head and neck and incurred some undisclosed amount of medical expenses, lost wages, pain and suffering, and some sort of "permanent impairment." (See doc. 1-2, pp. 4–10.) There is absolutely no evidence—so the Court is asked to speculate—about the *type* of treatment Plaintiff received (i.e., it could have been anything from a single visit to a clinic to a hospitalization and surgery), the *cost* of such treatment (i.e., it could have been anywhere from a hundred dollars to hundreds of thousands of dollars), the *extent* of his lost wages (i.e., it could have been just a few hours on the day of the incident or it could have been every day since the incident, or something in between), or the type of "permanent impairment" he has (i.e., he could simply have a small scar or it could be something as major as a traumatic brain injury or missing limb).

Instead of evidence about Plaintiff's injuries and damages, Defendants offer the Court only descriptions of three unrelated cases where juries awarded personal injury plaintiffs more than $75,000 at trial. (Doc. 1, pp. 4–5.) The jury awards were made between 2010 and 2012 in the state and superior courts of Georgia for: (1) a foot injury after tripping on uneven pavement; (2) fractures to a left foot and right leg in a motor vehicle accident; and (3) injuries to the neck and back while working. (Id.) Defendants claim these are "representative awards" that the Court can use as evidence that personal injury plaintiffs in Georgia are "routinely compensated at levels far in excess of $75,000," and therefore Defendants have made a "plausible allegation" that the amount in controversy *here* exceeds $75,000. (Id. at pp. 4–5; id. at p. 4 n.2.)

The Court rejects Defendants' argument that these are "representative" awards that support a finding that they have plausibly alleged that more than $75,000 is in controversy here.

Defendants have not shown the Court how the underlying facts and the extent of the injuries in those cases are like those in the case at hand.  While one of the cited cases allegedly involved a longshoreman who "sustained injuries to his neck and back while working," there is no indication that the manner or extent of those injuries was even remotely similar to what happened to Plaintiff in this case.  (See doc. 1, pp. 4–5 (relying on Deweese v. Ga. Ports Auth., No. ST-CV-0600147, 2012 WL 2335633, where the plaintiff was awarded over $5.6 million).)  Indeed, what the jury verdict form for that case—which Defendants provided to the Court as their sole exhibit—demonstrates is that, while the Deweese plaintiff may not have had exorbitantly high medical expenses (though they apparently were over $87,000), the plaintiff was also awarded $651,000 for past lost wages and over $1.5 million for future lost wages.  (Doc. 1-1.)  Here, the Court does not have *any* information about the level and extent of Plaintiff's lost wages (or his medical expenses). Essentially, Defendants are asking the Court to speculate that, because there are other individuals around the State of Georgia who were physically injured in some way and who were ultimately awarded verdicts over $75,000 over the last ten to fifteen years, then Plaintiff *must* have *more* than a 50% chance of recovering over $75,000 here, regardless of what the facts surrounding Plaintiff's injury are.  A finding by the Court that such evidence alone is sufficient would render Section 1332's amount-in-controversy requirement mere surplusage in countless personal injury cases.

In sum, Defendants ask the Court to "speculate" or "hazard a guess" as to the likely amount of damages at issue in this case or the likely jury award if the case went to trial.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010).  They have failed to give the Court *any* basis for finding that it is more likely that over $75,000 (as opposed to $75,000 or less) is in controversy here.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319–20 (11th Cir. 2001) ("A conclusory

allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying *facts* supporting such an assertion, is insufficient to meet the defendant's burden.") (emphasis added).

Because Defendants have not carried their burden of showing that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs, 28 U.S.C. § 1441, the Court finds that it lacks subject matter jurisdiction and thus **DIRECTS** the Clerk of Court to **REMAND** this case to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 16th day of July, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7